# Philadelphia & Reading Railroad Company's Appeal.

---

# Miller's Appeal.

The rule of law exempting the property necessary to the exercise of the franchises of a corporation from sale on a fi. fa. cannot be invoked to set aside a sale if nothing was sold which was immediately or reasonably necessary to the exercise of such franchises.

It is not error to refuse to pay out of the general fund made on an execution sale the attorneys' fees for the collection of claims due to certain creditors.

(Decided March 15, 1886.)

Appeal from a decree of the Common Pleas of Berks County

NOTE.—Personal property not indispensably necessary to the exercises

in the distribution of funds arising from an execution sale. Affirmed.

In February, 1884, William Miller issued execution upon a judgment which has been confessed to him by the officers of the Monocacy Furnace Company. That company had executed mortgages of all its real estate, certain leasehold estate, together with all and singular the corporate franchises, iron furnaces, buildings, improvements, ways, waters, water courses, railroads, mines, minerals, rights, liberties, privileges, and appurtenances thereupon belonging. Miller levied his execution upon personal property of the furnace company, consisting, among other things, of ore cars, pumps, mining engines, etc. Counsel for the mortgagees and other judgment creditors objected to the seizure of a number of the articles, on the ground that they were necessary to the exercise of the franchises of the company and were covered by the mortgages and not liable to seizure and sale as personalty. By agreement the sale proceeded, and a commissioner was appointed to distribute the funds arising therefrom.

The commissioner distributed the entire fund to the execution creditors in order of priority, and upon exceptions the court confirmed his action. From that confirmation the first appeal was taken.

Counsel for Miller presented a claim to the commissioner for attorneys' fees, which was allowed and ordered to be paid out of the fund in his hands for distribution. This action was reversed by the court below, and Miller appealed from that decision.

---

of its franchises may be sold under an ordinary fi. fa. Fairmount Coal & I. Co.'s Appeal, 14 W. N. C. 214; Second Nat. Bank v. Gibbs & S. Mfg. Co. 13 W. N. C. 174. And if the corporation is purely private, in which the public has no direct interest, all of its property may be sold as in the case of an individual. Reynolds v. Reynolds Lumber Co. 169 Pa. 626, 47 Am. St. Rep. 935, 32 Atl. 537; East Side Bank v. Columbus Tanning Co. 170 Pa. 1, 32 Atl. 539. But the property of the public corporation necessary for the operation of its franchises cannot be. Longstreth v. Philadelphia & R. R. Co. 11 W. N. C. 309.

Provision was made for such cases by the direction of the act of June 16, 1836, for the appointment of a sequestrator. This was repealed by the act of April 7, 1870 (P. L. 58) (Philadelphia & B. Cent. R. Co.'s Appeal, 70 Pa. 355), which provided for the issuance of a special fi. fa., after a return of nulla bona to an ordinary fi. fa., upon which the property and franchises may be sold.

*Jeff. Snyder* and *Geo. F. Baer* for the Philadelphia & Reading Railroad Company et al.

*H. Willis Bland* for Miller.

PER CURIAM:

These two appeals are from the same decree. They were argued together.

It is found as a fact, by commissioner and court, that the corporate property of the furnace company remains intact, and that nothing was sold on the execution which was immediately and reasonably necessary to the operation of the furnace. The rule of law which exempts from sale on a fi. fa. the property necessary to the exercise of the franchises of the corporation does not, therefore, apply to this case.

There was no error in refusing to pay, out of the general fund, the fees of the attorney for collecting the claims of certain creditors only.

Decree affirmed in each case, and the appeals dismissed, at the costs of the respective appellants.